O’Neall, J.,
delivered the opinion of the Court. A majority of this Court concur in the view taken of these cases by the judge below.
It is hardly necessary to add to .the argument stated in the report. Still the zeal of the counsel making the motion, and some diversity of opinion in the Court, may call for one or two further remarks.
*25 The ground that the plaintiffs and defendants are not co-tenants, cannot, when examined, present the least difficulty. Peter'Simmons conveyed, it is true, to Mrs. Hodge, before his distributive share of one third of his wife’s real estate actually existed. But upon the accrual of his right, it passed by his deed. In the case of Ruder ads. Garey, 3 McC., 412, the principle is settled, that if a man sell land to which he has no title, or an imperfect title, and afterwards acquire a good title, he is estopped by his deed from denying that he had title. If he is estopped from denying title under his deed, it follows that that deed conveys all his subsequent interest. This made Mrs. Hodge a tenant in fee of one third of the whole land.; her conveyance of a part of the tract made Baker a tenant in fee of one third of that part. So that each of the defendants are seized of one third of the land in possession.
The notion that either of these defendants 'can be regarded as guilty of an ouster, is difficult for me to understand. They are in the quiet possession of land of which they are confessedly entitled to one third. Suppose this action to go on and let a recovery be had, can the writ of habere facias possessionem be awarded ? This must be answered in the affirmative, or the action of trespass to try title cannot be maintained. If it is answered in the affirmative, then the consequences resulting from issuing the writ will show the incorrectness of the answer. Under it the defendants, although legally entitled to the actual possession of the whole land, must be turned out, and an actual ouster committed on them, for which they can sue the plaintiffs, and in like manner expel them.
But it is a mistake, I think, to hold that trespass to try title for the whole land, even lies by one tenant in common against another. Certainly ejectment could not be so maintained ; and if so, I take it trespass to try title cannot. Lord Coke says: “Albeit one tenant in common takes the whole profits, the other hath no remedy by law against him: for the taking of the whole profits is no ejectment; but if he drive out of the land any of the cattle of the other tenant in common, or not suffer him to enter or occupy the land, this is an ejectment or expulsion, whereupon he may have an ejectione firmas for the one moiety, and recover damages for the entry.” Co. *26 Lit. 1996. The most usual actions by tenants in common against each other, are, trespass quare clausum fregit, and waste, (or more properly speaking, an action on the case for the destruction of timber, or other spoiling of the inheritance.) In the first case, to sustain it there must be an actual ouster. To sever the estate the tenants have the proceeding in partition, in which any conflict of title or interest can be tried.
The case of Taylor & Young vs. Stockdale, 3 McC., 302, is the very case before the Court; and in that case Judge Johnson said “ that one tenant in common cannot maintain an action of trespass to try titles against his co-tenant, without an actual ouster, has been frequently laid down by this Court, and is not controverted' in the grounds of the motion.” The motion is dismissed.